UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN HOLLOWAY,<br>    Plaintiff | CIVIL ACTION<br>NO. CV08-0464-A |
| VERSUS | |
| TOWN OF SIMMESPORT, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM ORDER

Before the court is a motion to dismiss (Doc. 5) filed by defendants Juan Leger, Gerald Jackson, and the Town of Simmesport. On April 3, 2008, plaintiff John Holloway ("Holloway") filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, against Leger (a police officer employed by the Town of Simmesport) in his individual capacity, the Town of Simmesport, and Jackson ("Jackson")(Chief of Police for the Town of Simmesport) in both his individual and official capacities.[1] Holloway contends Officer Leger used excessive force, wrongfully arrested him, and illegally seized his property, and that Chief Jackson and the Town of Simmesport failed to properly train and discipline their police officers. Holloway also alleges state law claims for wrongful arrest, assault, battery, and conversion of Holloway's personal

---

[1] Holloway's suit against "Officer Roe" and "Officer Doe" was dismissed for failure to effect service (Doc. 7).

property, and the vicarious liability of Chief Jackson and the Town of Simmesport. For relief, Holloway asks for monetary damages.

Defendants filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. rule 12(b)(6) for failure to state a claim on which relief may be granted, and alleging the defense of qualified immunity. To date, Holloway has not filed an opposition to defendants' motion to dismiss.

"Heightened pleading" is needed in qualified immunity cases. Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury. Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999), citing Schultea v. Wood, 47 F.3d 1427, 1430 (5th Cir. 1995). To defeat a motion to dismiss on grounds of qualified immunity, a plaintiff must allege facts that fairly engage the allegations of the defense. Schultea, 47 F.3d at 1433.

The qualified immunity defense involves a shifting burden of proof. The defendant official must initially plead his good faith and establish that he was acting within the scope of his discretionary authority. Once the defendant has done so, the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law. The Fifth Circuit does not require that an official demonstrate that he did not violate clearly established federal rights; that burden is upon the

plaintiff.  If a plaintiff states a valid claim, the plaintiff bears the burden of demonstrating the defendant's actions violated clearly established law.  Salas v. Carpenter, 980 F.2d 299, 306 (5th Cir. 1992), and cases cited therein.

When a defendant raises the defense of qualified immunity, there are an array of procedures for the district court to follow. **First**, the district court must insist that a plaintiff suing a public official under Section 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone.  In this case, Holloway's complaint provides that statement as to Leger, but not as to Chief Jackson and the Town of Simmesport.

**Second**, the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity.  Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist. The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity.  The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.  Even if such limited discovery is

3

allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.  Schultea, 47 F.3d at 1433-1434.

**Accordingly,**

**IT IS ORDERED** that Holloway SHALL FILE a short and plain statement as to the factual basis of his claims against Chief Jackson and the Town of Simmesport **on or before March 16, 2009.**

**IT IS FURTHER ORDERED** that Holloway SHALL FILE a reply tailored to the defense of qualified immunity **on or before March 16, 2009.**

THUS DONE AND SIGNED in Alexandria, Louisiana on this 27th day of February, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4