
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

APR 17 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN HOLLOWAY, <br> Plaintiff | CIVIL ACTION <br> NO. CV08-0464-A |
| VERSUS | |
| TOWN OF SIMMESPORT, et al., <br> Defendants | JUDGE DEE D. DRELL <br> MAGISTRATE JUDGE JAMES D. KIRK |

## J U D G M E N T

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and after independent (de novo) review of the record including the objections filed herein, and having determined that the findings and recommendation are correct under the applicable law, the Court adopts the Report and Recommendation with the additional comments set forth below.

In response to defendants' objections, the Court notes plaintiff set forth the information as to the "custom" in his Statement of Facts (Document No. 10), which accompanied the brief in opposition to the motion to dismiss. This Statement of Facts, which the Court required, is intended to address details and fill out the broad allegations of the Complaint in order to meet the heightened pleading requirement which took effect when defendants answered the Complaint and raised the defense of qualified immunity. See Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999), citing Schultea v. Wood, 47 F.3d 1427, 1430 (5th Cir. 1995). Thus, the Report and Recommendation properly uses the facts set forth in plaintiff's Statement of Facts to address defendants' motion.

The Court further notes that plaintiff did not sue Officer Juan Leger in his official capacity. Non-existent claims cannot be dismissed.

Accordingly,

IT IS ORDERED that defendants' motion to dismiss is DENIED as to Chief Jackson in his official capacity and the Town of Simmesport as to Holloway's claim for failure to train/discipline the officers.

IT IS FURTHER ORDERED that defendants' motion to dismiss Holloway's Section 1983 claims against Chief Jackson for vicarious liability is DENIED AS MOOT.

IT IS FURTHER ORDERED that defendants' motion to dismiss is DENIED as to Holloway's Section 1983 claim against Chief Jackson in his *individual capacity* for a failure to train or supervise his officers which resulted in Holloway's arrest without probable cause.

IT IS FURTHER ORDERED that Jackson's motion to dismiss is GRANTED and Holloway's action against Jackson in his *individual capacity* for a constitutionally deficient program/policy of training or supervising his employees which resulted in the use of excessive force against Holloway is DISMISSED WITHOUT PREJUDICE.

IT IS ALSO ORDERED that defendants' motion to dismiss Holloway's Section 1983 claim for conversion against Chief Jackson in his *individual capacity* is GRANTED and that claim is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that defendants' motion to dismiss Holloway's state law claim against Chief Jackson and the Town of Simmesport for vicarious liability for the false arrest of Holloway is DENIED.

IT IS FURTHER ORDERED that defendants' motion to dismiss Holloway's state law claim against Chief Jackson and the Town of Simmesport for vicarious liability for Leger's use of excessive force is DENIED.

IT IS FURTHER ORDERED that defendants' motion to dismiss Holloway's state law claim against Chief Jackson for conversion and against the Town of Simmesport for vicarious liability as Jackson's employer is DENIED.

IT IS ALSO ORDERED that defendants' motion to dismiss the defamation claim is DENIED AS MOOT.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana, on this 17th day of April, 2009.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE